**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000190
03-OCT-2025
08:03 AM
Dkt. 42 SO**

NO. CAAP-25-0000190

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

L.D., Petitioner-Appellee,
v.
C.M., Respondent-Appellant, and
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAIʻI,
Respondent-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FPA-24-0000024)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

We construe self-represented Respondent-Appellant

C.M.'s (**Father**) notice of appeal as appealing from the Family

Court of the First Circuit's March 31, 2025 final judgment.[1]

On appeal, Father asserts the Honorable J. Alberto

Montalbano was biased and prejudiced. To support his claim of

---

[1] The Honorable J. Alberto Montalbano presided.

Father filed his notice of appeal on March 18, 2025, after the family court announced its decision on March 5, 2025, but before entry of the March 31, 2025 final judgment. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2) ("If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal.").

bias, Father points to the family court's (1) lack of jurisdiction pursuant to international treaties; (2) "[d]enial and disregard for [L.D.'s (**Child**)] inherent birthright(s) to the Kamehameha lineage" when determining custody; and (3) admission of "fraudulent 1040 and 1065 IRS, Internal Revenue Service and Federal tax records . . . ."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below and affirm.

Hawaiʻi Revised Statutes (**HRS**) § 601-7(b) (2016) governs the disqualification of a judge based on bias and requires the filing of an affidavit:

> Whenever a party to any suit, action, or proceeding, civil or criminal, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against the party or in favor of any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. . . .

Adverse rulings are not a basis for claiming bias. State v. Ross, 89 Hawaiʻi 371, 378, 974 P.2d 11, 18 (1998).

Father does not point to where in the record he moved, with an affidavit, for Judge Montalbano's disqualification based

on bias.  We nonetheless attempt to address the discernible issues raised in Father's opening brief.[2]

(1)  Regarding jurisdiction, Father appears to argue that Judge Montalbano was biased because he determined the family court had jurisdiction over the matter, ignoring international treaties of the Kingdom of Hawaiʻi.

The family court found that Child was born in Hawaiʻi in 2019, Petitioner-Appellee L.D. (**Mother**) resided on Oʻahu, and Father was a resident of Hawaiʻi.  See DeMello v. DeMello, 87 Hawaiʻi 209, 212, 953 P.2d 968, 971 (App. 1998) ("Father was a domiciliary of the State of Hawaiʻi and subject to in personam jurisdiction of the court.").  And Mother's petition concerned the custody of Child.  HRS § 571-11(3) (2018 & Supp. 2023) (setting forth family court's jurisdiction to determine child custody).  The family court properly exercised jurisdiction over this case.  The family court's exercise of jurisdiction is not a basis for establishing bias.

(2)  Next, Father appears to argue that Judge Montalbano exhibited bias by removing Child from his custody, denying and disregarding Child's "inherent birthright(s) to the Kamehameha lineage."

---

[2]  Father's opening brief does not comply with HRAP Rule 28(b).  See Erum v. Llego, 147 Hawaiʻi 368, 380, 465 P.3d 815, 827 (2020) (construing self-represented litigant's filing liberally to promote equal access to justice).

Here, the family court awarded joint legal custody and shared physical custody of Child to Mother and Father. The Family Court applied the best interest of the child standard. HRS § 571-46 (2018) (awarding custody according to the best interests of the child). The family court's custody award does not show Judge Montalbano was biased.

**(3)** Finally, Father appears to challenge the admission of "fraudulent 1040 and 1065 IRS, Internal Revenue Service and Federal tax records[,]" pointing specifically to Mother's exhibits 18 and 31.

According to the court minutes, Mother's exhibits 18 and 31 were "RECEIVED BY STIPULATION[.]" The admission of these exhibits does not show Judge Montalbano was biased.

Based on the foregoing, we affirm the family court's March 31, 2025 final judgment.

DATED:  Honolulu, Hawaiʻi, October 3, 2025.

On the briefs:

C.M.,
Self-represented Respondent-
Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge